UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENNESSY CHRISTOF (#595808)  CIVIL ACTION NO.

VERSUS  19-389-JWD-SDJ

JERRY STOUT, ET AL.

## ORDER

Before the Court is a "Motion to Object and Request Previous Judge" filed by the *pro se* Plaintiff, Hennessy Christof.[1] The Court interprets this as a motion seeking recusal of the undersigned. Christof questions why his case was reassigned from Magistrate Judge Erin Wilder-Doomes to the undersigned and states that he "need[s] to be in knowledge of the reasons of the Judges being removed from this case."[2]

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[3] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] R. Doc. 18.
[2] R. Doc. 18, p. 1.
[3] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, Civ. Action No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).

Christof has not met the procedural requirements of § 144 as he has not submitted an affidavit stating the facts and reasons for the belief that bias or prejudice exists.[4] Thus, recusal under § 144 is not applicable.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455, in this matter, is unwarranted.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Christof must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's impartiality.[5] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[6] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[7]

Christof has not alleged bias or prejudice; rather, it appears as though Christof simply wants to know why the case was reassigned. First, District Judge John deGravelles is still the presiding

---

[4] "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) *citing Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir.1990). Additionally, because there is no counsel of record, it does not appear that Petitioner in this case could meet the additional procedural requirement of § 144 that the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith."
[5] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, Civ. Action No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[6] *Capizzo v. State*, Civ. Action No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[7] *Spears*, 2012 WL 112985 at * 2.

district judge in this matter. Second, the matter was only reassigned from Magistrate Judge Wilder-Doomes to the undersigned as a part of random re-allotment of cases that occurred as a result of the undersigned becoming the third magistrate judge in the Middle District of Louisiana. Accordingly,

**IT IS ORDERED** that the Motion to Object and Request Previous Judge[8] filed by Hennessy Christof is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 1, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 18.